[Crim. No. 4570. Second Dist., Div. One. May 1, 1951.]

THE PEOPLE, Respondent, v. DONALD FESTUS WIXSON, Appellant.

Zeman & Hertzberg and Harrison W. Hertzberg for Appellant.

Edmund G. Brown, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was charged with three counts of forgery. A jury was waived and, ''It was stipulated that the testimony received at the preliminary hearing shall be received in evidence.'' The defendant testified in person at the trial.

The three checks involved, which were American Express checks, belonged to Richard Mays who was intoxicated when the checks were missed. Mays testified.

''A. I missed these checks the next morning.

''Q. When was that? A. . I mean, I missed the checks that night, rather.

''Q. When is that? A. When he taken them off of me. That was on April the 8th.

''Q. April the 8th, this year? A. Somewhere around 11:00 o'clock at night. I can't be positive.

''Q. Now, when you say he took them off of you, who was that? A. Well, I can't be positive.

''Q. Do you see that person in the court room today? A. I see one that resembles him.

''Q. Will you point him out to us? A. That is him.

''Q. You are pointing to a man seated at the end of the counsel table, this man here? You nodded towards some person. Where is he? A. This one here.

''Q. You are pointing now to this person? A. It resembles him, yes, sir.

''Q. That is the defendant. . . .'' The checks were for $50 each.

Victor Grotticelli, a bartender at a bar frequented by defendant cashed all three checks. With regard to the first check, referring to defendant, the bartender testified:

''Q. Have you seen this defendant before? A. Yes, sir.

"Q. Did he cash that check with you? A. Yes, sir.

"Q. What did you give him for that check? A. I gave him $30 on that check.

"Q. When and where did that take place? A. That took place on May the 8th.

"Q. At Frank's Cafe? A. Frank's Cafe. That is right."

The witness further testified that the other two checks were cashed the next day by defendant.

The defendant testified in person, admitted frequenting the bar on the days in question but denied all knowledge of the checks.

It is appellant's contention that the witness Grotticelli was an accomplice and that the evidence did not amount to the required corroboration; that "The evidence taken as a whole is insufficient to sustain the conviction" and, that "Defendant was denied a fair trial due to the negligence of counsel in waiving his right to further cross-examination and submitting the case on the transcript of the preliminary hearing when said transcript of the testimony therein presented a prima facie defense to the crime. In such case defendant was denied due process of law within the sixth amendment of the Constitution of the United States, and section 686 of California Penal Code."

Appellant argues that the fact that the bartender gave defendant only $30 for one of the checks was evidence of guilty knowledge and that the failure of defendant's counsel to further cross-examine the witness on this subject, in effect, denied the defendant a fair trial. It is at once obvious that other reasons might account for the incident which are not necessarily related to guilty knowledge. It is significant that the witness did not conceal the incident but voluntarily revealed it. It does not appear that further cross-examination would have altered the situation.

The trial court's conclusions are supported by the record and the evidence is sufficient to support the judgment. It is therefore affirmed.

White, P. J., and Drapeau, J., concurred.